IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
OCT 13 2015
JAMES W. McCORMACK, CLERK
BY:_____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 4:14-CR-58 JLH |
| | ) |
| DR. ROBERT BARROW | ) |

PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Christopher Thyer, by and through Alexander Morgan, Assistant United States Attorney, and Defendant Dr. Robert Barrow, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1. GUILTY PLEA: Defendant will enter a plea of guilty to conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, as alleged in Count One of the Superseding Indictment. Upon acceptance of his plea, the United States agrees to move for dismissal of the remaining counts against Defendant in this matter. This is a Federal Rule of Criminal Procedure 11(c)(1)(A) plea agreement.

2. ELEMENTS OF THE CRIME: The parties agree the elements of the offense to which Defendant will plead guilty are:

    A. two or more people, knowingly or through deliberate ignorance, reached an agreement or understanding to commit health care fraud, to wit, the Defendant knew there was a high probability that that billing described in Count One of the Superseding Indictment was improper but deliberately avoided learning that fact;

    B. Defendant voluntarily and intentionally, through his deliberate ignorance, joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

C. Defendant, through his deliberate ignorance, knew the purpose of the agreement or understanding at the time he joined.

Defendant agrees that he is guilty of the offense charged and each of these elements is true.

3. PENALTIES:

A. STATUTORY PENALTIES: The penalty for the charge set forth in Count One is not more than ten (10) years' imprisonment, a fine of not more than $250,000, not more than three (3) years' supervised release, and a $100 special assessment.

B. SUPERVISED RELEASE: Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. WAIVERS: Defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A. The right to appeal or collaterally attack, to the full extent of the law, the conviction and sentence imposed, including any forfeiture or restitution order, as follows:

(1) Defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section 3742(a), including any issues that relate to the establishment of the Guideline range,

2

except that Defendant reserves the right to appeal claims of prosecutorial misconduct and Defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

    (2)    Defendant expressly acknowledges and agrees that the United States reserves its right to appeal Defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

    (3)    Defendant waives the right to collaterally attack the conviction and sentence under Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

    (4)    Defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

    (5)    Defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

    (6)    Defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

    B.    The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

    C.    The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

    D.    The right to confront and cross examine witnesses;

    E.    The right to testify in his own behalf if Defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against him;

F.  The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

G.  Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant understands that upon conviction, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

5.  STIPULATIONS: The United States and Defendant stipulate to the following:

A.  Defendant's base offense level is 6 under U.S.S.G. § 2B1.1(a)(2).

B.  Defendant shall receive a 14-level adjustment for loss in excess of $550,000 under U.S.S.G. § 2B1.1(b)(1)(H); however, the parties acknowledge that the total sum billed to health insurers for physical therapy exceeded $2.2 million, although the amount paid was less.

C.  Defendant shall receive a 2-level adjustment for ten-or-more victims under U.S.S.G. § 2B1.1(b)(2)(A)(i). The parties acknowledge that victims in this regard include both the affected health insurers as well as those patients who bore out-of-pocket expenses (*e.g.*, copays) on the belief that they were receiving physical therapy.

D.  Defendant shall receive a 2-level adjustment for abuse of position of trust under U.S.S.G. § 3B1.3.

E.  Defendant is eligible for a 2-level reduction for acceptance of responsibility unless he takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or more, determination of whether Defendant is eligible for a third point reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

  F. No other enhancements or reductions under Section 2B1.1, Chapter 3, or Chapter 5 of the Guidelines apply, other than those specifically set out in this agreement and its addendum.

  G. Defendant specifically waives any and all challenges to the searches, seizures, arrests, statements, and forfeitures that have taken place as of the date of the execution of this plea agreement by Defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

  The parties understand that the Court is not bound by these stipulations. Defendant further understands that if the Court does not accept this Plea Agreement, Defendant is not entitled to withdraw the guilty plea or otherwise be released from Defendant's obligations under this Agreement and Addendum.

  6. SENTENCING GUIDELINES: Defendant understands that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. Defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. Defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that Defendant may have received from Defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation as to what sentence Defendant will receive and Defendant cannot withdraw a guilty plea, or otherwise avoid his obligations under this

Agreement and Addendum, based upon the actual sentence imposed by the Court. The parties agree that if the guideline range is greater or less than Defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither Defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum.

7. ALLOCUTION: The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8. COOPERATION IN THE SENTENCING PROCESS:

A. Defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. Defendant shall voluntarily provide a complete and truthful written accounting of Defendant's criminal history to the Probation Office.

B. Defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C. Defendant understands and acknowledges that Defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires Defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether Defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D. Defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. FINANCIAL MATTERS:

A. FINANCIAL STATEMENT: Defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B. FINES: Defendant understands that unless the Court determines that Defendant is financially unable to pay a fine, the Court must impose a fine under the Sentencing Reform Act of 1984.

C. SPECIAL PENALTY ASSESSMENT: Defendant agrees to pay to the United States a special assessment of $100 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D. RESTITUTION: Defendant acknowledges that restitution is mandatory under Title 18, United States Code, Section 3663A. Defendant agrees to the entry of an order of restitution in the amounts of $18,509.91 to Medicare and $683,851.21 to Arkansas Blue Cross and Blue Shield, for a total of $702,361.12, less restitution paid to those entities by his co-conspirator in *United States v. Billy Marc Young*, 4:14-CR-56 (DPM). Medicare restitution shall be made payable to "CMS" and mailed to the Center for Medicare and Medicaid Services (CMS), Attn: Division of Accounting Operations, P.O. Box 7520, Baltimore, Maryland 21207-0520. Blue Cross restitution shall be made payable to "Blue Cross" and mailed to Blue Cross, c/o Chet Roberts, Senior Counsel, 320 West Capitol Avenue, Suite 211, Little Rock, Arkansas 72201. All payments shall reference the criminal case number (E.D. Ark. 4:14-CR-58 JLH) and Defendant Dr. Robert Barrow. Defendant also agrees to the entry of an order of restitution not to exceed $100,000 payable to former patients who bore out-of-pocket expenses (*e.g.*, copays) based upon the belief that they were receiving physical therapy. The parties shall jointly file (under seal) a

statement of restitution owed to former patients before sentencing. To that end, the parties agree that patient loss shall be established by the combination of (i) an affidavit, made under penalty of perjury, that he or she was led to believe that Young provided physical therapy and that he or she bore certain out-of-pocket expenses for his services in reliance on that belief and (ii) reference to claims data to confirm the number of visits. The Defendant shall make all reasonable efforts to verify the payments of patients who assert an actual loss. If a patient asserts an actual loss in excess of $800 for which they seek restitution, and the Defendant, through the exercise of due diligence (including review of receipts, claims data indicating a patient contribution, bank statements, or otherwise), cannot verify that the payment was made, the patient or the United States shall provide verifying information, such as a bank statement, credit card statement, cancelled check, receipt, invoice, or any other item that tends to confirm that such payment was made.

E. <u>FINANCIAL INFORMATION</u>: Defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided by the United States Attorney's Office for the Eastern District of Arkansas within two (2) weeks of the entry of his guilty plea, sign it under penalty of perjury, and provide it to the United States Attorney's Office for the Eastern District of Arkansas. Defendant agrees to provide updates with any material changes in his economic circumstances, as described in Title 18, United States Code, Section 3664(k), which occur prior to sentencing, within seven (7) days of the event giving rise to the changed circumstances. Prior to sentencing, Defendant agrees to notify the Assistant United States Attorney and the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Arkansas before he transfers any

interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations, except that verifiable regular monthly loan payments, such as mortgage payments, and verifiable education-related expenses for dependents are excluded. Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on him. Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify his financial information. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office. The United States agrees that any information provided or obtained pursuant to this agreement shall be used solely to enforce a judgment of restitution ordered by the Court, and for no other purpose, except in the case of an allegation of perjury, and further that this information will only be disseminated to those ends or as otherwise ordered by a court of competent jurisdiction.

      F.      <u>EMPLOYMENT PROHIBITION</u>: Defendant acknowledges that, as a result of the conviction of this offense, Title 12, United States Code, Sections 1785 and 1829 will prohibit his employment by any federally insured depository institution, except with the prior written consent of the Federal Deposit Insurance Corporation, or any insured credit union, as applicable.

      G.      <u>FORFEITURE</u>. The United States agrees it will not seek to forfeit any property owned directly or indirectly, individually or jointly, by the Defendant, or in which the Defendant has any interest or over which he exercises control, in connection with the conduct alleged in the Superseding Indictment.

10. <u>DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION</u>: The United States Attorney for the Eastern District of Arkansas will bring no further charges against Defendant for any acts or conduct arising out of the events described in the Superseding Indictment, which is the subject of this action, unless Defendant breaches this Agreement and Addendum.

11. <u>RECORDS</u>: Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

12. <u>CIVIL CLAIMS BY THE GOVERNMENT</u>: Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against Defendant, including but not limited to tax matters.

13. <u>EFFECT OF BREACH OF PLEA AGREEMENT AND ADDENDUM</u>:

A. Defendant acknowledges and understands that if he violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1) terminate this Agreement and Addendum; or

(2) proceed with this Agreement and Addendum and

(a) deny any and all benefits to which Defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

      (b) advocate for any sentencing enhancement that may be appropriate.

  B. In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. Defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if Defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

  C. Defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against Defendant as a result of his breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

  D. In the event that the Agreement and Addendum is terminated or if Defendant successfully moves to withdraw his plea, any statement made by him in negotiation of, or in reliance on this Agreement and Addendum, including this Agreement, the stipulations in Paragraph 5 of this Agreement, and the plea colloquy, but excepting statements made pursuant to any proffer agreement entered into between the parties:

  (1) may be used in the United States' case in chief and to cross examine Defendant should he testify in any subsequent proceeding; and/or

  (2) any leads derived therefrom may be used by the United States.

11

Defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

14. PARTIES: This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and Defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15. MISCELLANEOUS:

A. MODIFICATION: No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

B. HEADINGS AND CAPTIONS: Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

C. WAIVER: No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D. RIGHTS AND REMEDIES CUMULATIVE: The rights and remedies of the United States expressed herein upon any breach hereunder by Defendant are cumulative and

not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by Defendant.

    E.  JOINT NEGOTIATION: This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

  16. NO OTHER TERMS: This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

  17. APPROVALS AND SIGNATURES:

    A.  DEFENDANT: Defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. Defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, Defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to Defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced Defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that he has entered into this Agreement and Addendum, consciously and deliberately, by his free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of Defendant, fully enforceable

against him in accordance with its terms. Finally, Defendant is satisfied with the representation of his attorney in this case.

      B.    DEFENSE COUNSEL: Defense counsel acknowledges that he is the attorney for Defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with Defendant. Further, defense counsel has fully and carefully advised Defendant of his rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, Defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

DATED this __13__ day of October, 2015.

_____  
DR. ROBERT BARROW  
Defendant

_____  
JACK LASSITER  
Attorney for Defendant

CHRISTOPHER R. THYER  
United States Attorney

_____  
ALEXANDER D. MORGAN  
Assistant United States Attorney  
Post Office Box 1229  
Little Rock, Arkansas 72203  
(501) 340-2600  
alex.morgan@usdoj.gov

14